1  REBECCA D. EISEN, State Bar No. 96129
2  STEVEN K. GANOTIS, State Bar No. 234252
   MORGAN, LEWIS & BOCKIUS LLP
3  One Market, Spear Street Tower
4  San Francisco, CA 94105-1126
   Tel: 415.442.1000
5  Fax: 415.442.1001
6  Email: reisen@morganlewis.com
   Email: sganotis@morganlewis.com
7
8  Attorneys for Defendant
   RBC CAPITAL MARKETS CORPORATION

## THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS HILL, an individual, and MICHAEL H. GRANDIN, an individual, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RBC CAPITAL MARKETS CORPORATION, a Minnesota corporation; DOES 1-50 inclusive,<br><br>Defendants. | Case No. CV10-8627 SVW (FFMx)<br><br>**DEFENDANT RBC CAPITAL MARKETS CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**<br><br>Before: Hon. Stephen V. Wilson<br><br>Date: January 10, 2011<br>Time: 1:30 P.M.<br>Place: Courtroom 6<br><br>Complaint Filed: August 20, 2010 |

**PLEASE TAKE NOTICE THAT** on January 10, 2011, at 1:30 p.m. or as soon thereafter as the Court can hear this matter, in Courtroom 6 of the United States District Court for the Central District of California located at 312 N. Spring Street, Los Angeles, California, 90012, Defendant RBC Capital Markets Corporation will and hereby does move pursuant to Federal Rules of Civil

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22049986.1                    NOTICE OF MOTION AND MOTION TO DISMISS
                                         CASE NO. CV10-8627 SVW (FFMx)

Procedure, Rule 12(b)(6), to dismiss Plaintiffs Curtis Hill's and Michael H. Grandin's Complaint in its entirety, with prejudice.

    This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Steven K. Ganotis, and such other oral and documentary evidence as may be presented to the Court at or before the hearing on this Motion. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 23, 2010. Declaration of Steven K. Ganotis, ¶ 2.

Dated: December 3, 2010                   MORGAN, LEWIS & BOCKIUS LLP

                                       By    */s/ Steven K. Ganotis*
                                            Rebecca D. Eisen
                                            Steven K. Ganotis
                                            Attorneys for Defendants
                                            RBC CAPITAL MARKETS CORPORATION

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................1

II. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND ..............2

III. LEGAL STANDARD ........................................................................................3

IV. ARGUMENT ......................................................................................................3

    A. SLUSA Was Intended To Prevent Plaintiffs From Circumventing Federal Law By Bringing Securities Class Actions In State Court ...............................................................................3

    B. Plaintiffs' Complaint Presents A Covered Class Action ........................5

    C. Plaintiffs' Claim Is Based On State Law And Is Brought By A Private Party ...........................................................................................6

    D. The Complaint Alleges "Misstatements, Omissions Or Manipulative Conduct" ..........................................................................6

    E. The Complaint Alleges That The Conduct At Issue Was "In Connection With" The Purchase Or Sale Of "Covered Securities" ................................................................................................9

    F. The Complaint Should Be Dismissed With Prejudice Because Plaintiffs' Claim Cannot Be Saved Through Amendment .................11

V. CONCLUSION ................................................................................................12

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22049986.1

i

DEFTS' MPA ISO MOT. TO DISMISS
CASE NO. CV10-8627 SVW (FFMX)

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Anderson v. Merrill Lynch Pierce Fenner Smith, Inc.*,
521 F.3d 1278 (10th Cir. 2008) ................................................................... 7, 12

*Araujo v. John Hancock Life Ins. Co.*,
206 F. Supp. 2d 377 (E.D.N.Y. 2002) ............................................................. 12

*Behlen v. Merrill Lynch*,
311 F.3d 1087 (11th Cir. 2002)
*reh'g denied en banc*, 58 F. Appx 838 (11th Cir. 2003) ................................. 10

*Bertram v. Terayon Commc'ns Sys., Inc.*, No. CV00-12653,
2001 WL 514358 (C.D. Cal. Mar. 27, 2001) ............................................... 8, 11

*Brody v. Homestore, Inc.*,
240 F. Supp. 2d 1122 (C.D. Cal. 2003) ............................................................ 9

*Curtis Hill et al. v. RBC Capital Markets Corp. et al.*, No. BC444129 ................. 2

*Dudek v. Prudential Sec., Inc.*,
295 F.3d 875 (8th Cir. 2002) ...................................................................... 10, 12

*Falkowski v. Imation Corp.*,
309 F.3d 1123 (9th Cir. 2002) .......................................................................... 10

*Feitelberg v. Merrill Lynch & Co., Inc.*,
234 F. Supp. 2d 1043 (N.D. Cal. 2002)
*aff'd*, 353 F.3d 765 (9th Cir. 2003) ......................................................... 3, 5, 6, 8

*Gibson v. PS Group Holdings, Inc.*, No. 00-CV-0372,
2000 WL 777818 (S.D. Cal. June 14, 2000) ............................................ 3, 4, 12

*Haney v. Pacific Telesis Group*, No. CV00758AHMMANX,
2000 WL 33400194 (C.D. Cal. Sept. 19, 2000) ............................................... 11

*Herman v. Salomon Smith Barney, Inc.*,
266 F. Supp. 2d 1208 (S.D. Cal. 2003) .............................................................. 8

*In re Edward Jones Holders Litig.*,
453 F. Supp. 2d 1210 (C.D. Cal. 2006) ............................................... 5, 8, 10, 11

*In re Livent, Inc. Noteholders Sec. Litig.*,
151 F. Supp. 2d 371 (S.D.N.Y. 2001) ............................................................... 12

*In re NYSE Specialists Sec. Litig.*,
405 F. Supp. 2d 281 (S.D.N.Y. 2005) ................................................................. 6

*Johnson v. Knowles*,
113 F.3d 1114 (9th Cir. 1997) ............................................................................ 3

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Kircher v. Putnam Funds Trust*,
  547 U.S. 633 (2006) .................................................................................................... 5

*Knox v. Agria Corp.*,
  613 F. Supp. 2d 419 (S.D.N.Y. 2009) ......................................................................... 4

*Korinsky v. Salomon Smith Barney*, No. 01 Civ. 6085,
  2002 WL 27775 (S.D.N.Y. Jan. 10, 2002) ............................................................ 6, 11

*Lander v. Hartford Life & Annuity Ins. Co.*,
  251 F.3d 101 (2d Cir. 2001) ........................................................................................ 4

*Lasley v. New England Variable Life Ins. Co.*,
  126 F. Supp. 2d 1236 (N.D. Cal. 1999) ...................................................................... 9

*Madden v. Cowen & Company*,
  576 F.3d 957 (9th Cir. 2009) ....................................................................................... 5

*McCullagh v. Merrill Lynch & Co.*, No. 01 Civ. 7322,
  2002 WL 362774 (S.D.N.Y. Mar. 6, 2002) ............................................................... 11

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*,
  547 U.S. 71 (2006) ............................................................................................ 4, 8, 10

*Prager v. Knight/Trimark Group, Inc.*,
  124 F. Supp. 2d 229 (D.N.J. 2000) ........................................................................... 12

*SEC v. Zandford*,
  535 U.S. 813 (2002) .................................................................................................. 10

*Segal v. Fifth Third Bank, N.A.*,
  581 F.3d 305 (6th Cir. 2009) ................................................................................... 3, 6

*Wells Fargo Bank, N.A. v. Superior Court*,
  159 Cal. App. 4th 381 (Cal. 2008) .............................................................................. 9

**Codes**

15 U.S.C. § 77p(b) ......................................................................................................... 2, 4

15 U.S.C. § 77p(b)–(c) ....................................................................................................... 1

15 U.S.C. § 77p(f)(2) ......................................................................................................... 5

15 U.S.C. § 77p(f)(3) ......................................................................................................... 9

15 U.S.C. § 77r(b) .............................................................................................................. 9

Cal. Bus. & Prof. Code § 17200 ................................................................ 1, 2, 3, 6, 7, 8, 9

Cal. Corp. Code § 25402 ................................................................................................. 11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22049986.1     iii     DEFT'S MPA ISO MOT. TO DISMISS
CASE NO. CV10-8627 SVW (FFMX)

# TABLE OF AUTHORITIES
**(continued)**

**Page**

Cal. Lab. Code § 450 ................................................................................................ 2, 3, 6

**Statutes**

Class Action Fairness Act of 2005 ................................................................................ 2

Priv. Sec. Litig. Reform Act of 1995 (the "PSLRA") ................................................... 4

Sec. Litig. Uniform Standards Act of 1998 ("SLUSA"),
15 U.S.C. § 77a, *et seq.* & 15 U.S.C.§ 78a, *et seq.* ..........................................*passim*

Sec. Act of 1933 ("1933 Act"),
15 U.S.C. § 77a, *et seq.* ............................................................................................ 1

Sec. Exch. Act of 1934,
15 U.S.C. § 78a, *et seq.* .................................................................................. 1, 8, 10

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 1, 3

**Other Authorities**

144 Cong. Rec. H 11019-01, H 11020 (1998) .............................................................. 9

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22049986.1            iv            DEFT'S MPA ISO MOT. TO DISMISS
CASE NO. CV10-8627 SVW (FFMX)

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant RBC Capital Markets Corporation, doing business as RBC Wealth Management ("RBC WM" or "Defendant"), respectfully submits this memorandum of law in support of its Motion to Dismiss the Complaint for Restitution and Injunctive Relief for Violations of Section 17200, et seq. of the California Business and Professions Code pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), codified at 15 U.S.C. § 77a, *et seq.* and 15 U.S.C.§ 78a, *et seq.* [1] Pursuant to SLUSA, this action must be dismissed because it is barred and precluded by federal law. 15 U.S.C. § 77p(b)–(c).

## I. INTRODUCTION

This is a purported private attorney general action brought under Section 17200, *et seq.* of the California Business and Professions Code ("Section 17200") in which the Plaintiffs claim that RBC WM engaged in "unlawful, unfair and/or fraudulent" activity in connection with security transactions, trading commissions and related expenses charged to Defendant's employees and their immediate family members who were allegedly required to maintain brokerage/investment accounts with RBC WM. Plaintiffs assert that RBC WM's employees and their family members who maintained such accounts with RBC WM were made to pay excessive fees and commissions on the purchase and sale of securities in their RBC WM accounts due to RBC WM's alleged misrepresentations about its supervisory obligations under federal law. However, state-law class actions such as this are precluded and barred by SLUSA. Indeed, federal courts have found that such class action claims are precluded by SLUSA, regardless of whether they expressly reference securities fraud.

There are four required elements that must be present for SLUSA preclusion

---

[1] SLUSA added identical language to both the Securities Act of 1933 ("1933 Act"), 15 U.S.C. § 77a, *et seq.*, and the Securities Exchange Act of 1934, 15 U.S.C. § 78a, *et seq.* Only the provisions SLUSA added to the 1933 Act are included here.

to apply: (1) the claim must be brought as a class action; (2) the claims must be based on state law; (3) the claims must allege a misrepresentation or fraudulent scheme; and (4) the claims must involve conduct in connection with the purchase or sale of covered securities.  Where, as here, these requirements have been satisfied, SLUSA provides that the state-law claims may not be maintained as class actions in <u>any</u> state or federal court. 15 U.S.C. § 77p(b).  Accordingly, RBC WM's motion should be granted and the Complaint should be dismissed with prejudice.

## II. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On August 20, 2010, Plaintiffs Curtis Hill and Michael Grandin (collectively "Plaintiffs"), on behalf of themselves and others similarly situated, filed a Complaint against RBC WM in the Superior Court of the State of California, County of Los Angeles, entitled *Curtis Hill, an individual, and Michael Grandin, an individual, on behalf of themselves and others similarly situated, Plaintiffs, v. RBC Capital Markets Corporation, a Minnesota limited liability company, Does 1-50 inclusive, Defendants*, Case No. BC444129 ("Complaint" or "Compl.").  On November 12, 2010, RBC WM removed the case to this Court based on the Class Action Fairness Act of 2005 and federal question jurisdiction under SLUSA.

The Complaint contains only one class-wide cause of action against RBC WM for violation of California Business and Professions Code Section 17200. Specifically, Plaintiffs assert that RBC WM engaged in unfair competition by virtue of the "unlawful, unfair and/or fraudulent" act of improperly requiring Plaintiffs and the putative class members to incur fees and expenses connected to transactions in their brokerage accounts with RBC WM.  Plaintiffs claim that RBC WM violated California Labor Code section 450 and therefore Section 17200 by coercing or compelling its employees and their immediate family members to maintain brokerage accounts with RBC WM by misrepresenting that the National Association of Securities Dealers (NASD) and New York Stock Exchange (NYSE) imposed supervisory requirements requiring such oversight, and then charged them

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22049986.1                     2                     DEFT'S MPA ISO MOT. TO DISMISS
                                                         CASE NO. CV10-8627 SVW (FFMX)

excessive fees and commissions on trades in these accounts. Compl. ¶ 9. Plaintiffs assert that such conduct violates California Labor Code section 450, which Plaintiffs allege "prohibits employers from coercing or compelling employees to deal with the employer" and therefore Section 17200, which prohibits "unlawful, unfair or fraudulent" business conduct. Compl. ¶ 26. Plaintiffs seek restitution and injunctive relief under Section 17200.

### III. LEGAL STANDARD

A complaint must be dismissed if it does not set forth any facts that would entitle the plaintiff to relief. Fed. R. Civ. Pro. 12(b)(6); *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997). Courts considering a motion to dismiss brought under SLUSA are not bound by the complaint alone. *Segal v. Fifth Third Bank, N.A.*, 581 F.3d 305, 310-11 (6th Cir. 2009) ("Courts may look to--they must look to--the substance of a complaint's allegations in applying SLUSA."). Rather, "[t]o effectuate SLUSA's purpose of protecting issuers from class action plaintiffs seeking to evade federal securities law, SLUSA *requires that the court look beyond the face of plaintiffs' pleadings* to discern whether this action is a 'covered class action.'" *Feitelberg v. Merrill Lynch & Co., Inc.*, 234 F. Supp. 2d 1043, 1048 (N.D. Cal. 2002), *aff'd*, 353 F.3d 765 (9th Cir. 2003) (emphasis added); *see also Gibson v. PS Group Holdings, Inc.*, No. 00-CV-0372, 2000 WL 777818, at *4 (S.D. Cal. June 14, 2000) ("The Uniform Standards Act [SLUSA] therefore demands that the Court look beyond the face of the Plaintiffs' pleadings to discern whether this action is a `covered class action.'").

### IV. ARGUMENT

#### A. SLUSA Was Intended To Prevent Plaintiffs From Circumventing Federal Law By Bringing Securities Class Actions In State Court

Congress enacted SLUSA in 1998 after finding that plaintiffs were filing class action lawsuits in state court in order to evade the heightened pleading standards, reforms affecting the timing of discovery, and other provisions of the

Private Securities Litigation Reform Act of 1995 (the "PSLRA"). *Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 108 (2d Cir. 2001) ("the decline in federal securities class action suits that occurred after the passage of PSLRA was accompanied by a nearly identical increase in state court filings"); *see also Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 78-82 (2006) ("The magnitude of the federal interest in protecting the integrity and efficient operation of the market for nationally traded securities cannot be overstated."). SLUSA prevented state court class actions "by making federal court the exclusive venue for class actions alleging fraud in the sale of certain covered securities and by mandating that such class actions be governed exclusively by federal law." *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 421 (S.D.N.Y. 2009) ("Congress intended to make 'Federal court the exclusive venue for most securities class action lawsuits …'"). Federal district courts in California have held that "[t]o avoid circumvention of the [PSLRA], the structure and legislative history of [SLUSA] suggest that district courts should construe the 'covered class action' definition broadly to avoid giving effect to such attempts at manipulation." *Gibson*, 2000 WL 777818, at *3. SLUSA should be broadly interpreted because "[a] narrow reading of the statute would undercut the effectiveness of the 1995 Reform Act and thus run contrary to SLUSA's stated purpose." *Dabit*, 547 U.S. at 86.

SLUSA provides as follows:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging
>
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b). Thus, SLUSA provides that a state law class action may be

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22049986.1

4

DEFT'S MPA ISO MOT. TO DISMISS
CASE NO. CV10-8627 SVW (FFMX)

removed to federal court "and will fall within SLUSA's preclusion provision if the action is: (1) a 'covered class action' (2) 'based upon the statutory or common law' of any state (3) being maintained by 'any private party,' and if the action alleges (4) either 'an untrue statement or omission of material fact' or 'that the defendant used or employed any manipulative or deceptive device or contrivance' (5) 'in connection with the purchase or sale' (6) of a 'covered security.'" *Madden v. Cowen & Company*, 576 F.3d 957, 965 (9th Cir. 2009).

Each of these factors is satisfied; thus, the Court must dismiss the action. *In re Edward Jones Holders Litig.*, 453 F. Supp. 2d 1210, 1217 (C.D. Cal. 2006) ("It is well established that, once a court determines that a given state law action is preempted by SLUSA, it must be dismissed.") (*citing Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 (2006)).

### B. Plaintiffs' Complaint Presents A Covered Class Action

Plaintiffs' allegations clearly meet the standard of a covered class action as defined by SLUSA.

SLUSA defines a "covered class action" as including:

(1) any single lawsuit in which

    (I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members;

15 U.S.C. § 77p(f)(2). Courts have held that "[t]he structure and legislative history of SLUSA suggest that district courts should construe the 'covered class action' definition broadly to avoid attempts at manipulation..." *Feitelberg*, 234 F. Supp. 2d at 1047.

In the present action, Plaintiffs' allegations fall squarely within the definition of a "covered class action." This lawsuit is a class action brought by two individuals who seek to represent a class of "nearly one thousand persons dispersed

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/22049986.1

5

DEFT'S MPA ISO MOT. TO DISMISS
CASE NO. CV10-8627 SVW (FFMX)

throughout California." Compl. ¶¶ 14-18. The Complaint specifically asserts that "Common questions of fact and law exist as to all Members of the Class...." Compl. ¶ 21. Finally, Plaintiffs seek damages in the form of restitution on behalf of themselves and the class. Compl., Prayer for Relief ¶ 2; *see Feitelberg*, 234 F. Supp. 2d at 1047 (a claim for restitution under Section 17200 is a claim for damages under SLUSA). Therefore, the Complaint presents a "covered class action" within the meaning of SLUSA.

### C. **Plaintiffs' Claim Is Based On State Law And Is Brought By A Private Party**

The only claim in the Complaint is for alleged violations of Section 17200, which in turn is predicated on violations of California Labor Code section 450. Compl. ¶¶ 1, 11, 25-30. Because Plaintiffs' claim is based on state law and is brought by private individuals who formerly worked for RBC WM, the second and third elements of SLUSA preemption are also satisfied.

### D. **The Complaint Alleges "Misstatements, Omissions Or Manipulative Conduct"**

"SLUSA preemption ... is triggered in lawsuits in which the plaintiff alleges state law violations stemming from a misstatement, omission, or manipulative conduct in connection with the purchase or sale of a covered security." *In re NYSE Specialists Sec. Litig.*, 405 F. Supp. 2d 281, 307 (S.D.N.Y. 2005). Courts must determine whether the complaint is actually alleging a misstatement, omission or manipulative conduct, regardless of whether it contains these specific terms. *See, e.g.*, *Segal*, 581 F.3d at 311 ("The question under SLUSA is not whether the complaint uses the prohibited words ... It is whether the complaint covers the prohibited theories, no matter what words are used (or disclaimed) in explaining them."); *Korinsky v. Salomon Smith Barney*, No. 01 Civ. 6085, 2002 WL 27775 (S.D.N.Y. Jan. 10, 2002) (holding that plaintiffs may not avoid SLUSA pre-emption simply by artful pleading that avoids the actual words "device, scheme or

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22049986.1

6

DEFT'S MPA ISO MOT. TO DISMISS
CASE NO. CV10-8627 SVW (FFMX)

artifice to defraud" or "material misstatement or omission"); *Anderson v. Merrill Lynch Pierce Fenner Smith, Inc.*, 521 F.3d 1278, 1286 (10th Cir. 2008) ("[A]s long as claims meet all of the elements of SLUSA, courts have generally held that SLUSA precludes those claims regardless of how artfully" they are pled.). Here, Plaintiffs' allegations fall within the scope of conduct that Congress has made the exclusive jurisdiction of federal law through SLUSA.

Plaintiffs allege that RBC WM fraudulently compelled its employees to maintain accounts at RBC WM by misrepresenting the basis for requiring that its employees maintain accounts with RBC WM and attributing the rule to nonexistent supervisory and compliance requirements. Compl. ¶¶ 1, 6-10 ("Defendants contend that RBC WM's policy requiring RBC WM employees and their immediate family members to deal only through RBC WM is necessary 'in order to meet its . . . supervisory requirements established by the NASD (National Association of Securities Dealers) and NYSE (New York Stock Exchange)'."). The employees were then forced to pay excessive fees and commissions on trades in those accounts. Specifically, the Complaint alleges that Defendant "compelled" Plaintiffs and putative class members to pay "artificially high commissions for their personal trades and investments" (Compl. ¶ 1), and that "the named Plaintiffs and Class Members have been materially overcharged for their respective trades ..." Compl. ¶ 28. Plaintiffs allege that by this conduct "Defendants have engaged in unlawful, unfair or *fraudulent* business acts or practices in violation of § 17200 of the California Business and Professions Code..." (Compl., Prayer ¶ 2) (emphasis added). The Complaint also alleges that that the postage and handling fees charged to putative class members misrepresented the fee's purpose. Compl. ¶ 1 (Defendant charges for postage and handling "even though virtually all employees receive trade confirmations by email, involving no postage or handling whatsoever").

The Complaint further alleges that RBC WM engaged in manipulative and deceptive conduct by engaging in "fraudulent business acts" such as "coercing" the

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

DB2/22049986.1

7

DEFT'S MPA ISO MOT. TO DISMISS
CASE NO. CV10-8627 SVW (FFMX)

1   purported class to incur unnecessary fees and by inducing Plaintiffs to pay higher
2   annual fees than they otherwise would have paid in connection with certain "wrap
3   programs."  Compl. ¶¶ 1, 10, 24-28. As a result of the alleged fraudulent scheme,
4   the Complaint alleges that Plaintiffs were coerced to pay "substantially higher" fees
5   and commissions in connection with their trades than they would have paid in the
6   absence of the fraud.  Compl. ¶ 28.

7   Plaintiffs are clearly alleging that RBC WM made misrepresentations and/or
8   used or employed a manipulative or deceptive device in connection with the
9   purchase or sale of covered securities, and their lawsuit therefore falls within the
10  scope of SLUSA.  *See, e.g.*, *Feitelberg*, 234 F. Supp. 2d at 1053 (granting motion to
11  dismiss where SLUSA precluded class action brought under Section 17200);
12  *Bertram v. Terayon Commc'ns Sys., Inc.*, No. CV00-12653, 2001 WL 514358, at
13  *5-6 (C.D. Cal. Mar. 27, 2001) (same); *see also Herman v. Salomon Smith Barney,*
14  *Inc.*, 266 F. Supp. 2d 1208, 1213 (S.D. Cal. 2003) ("despite Plaintiffs best efforts to
15  frame this issue as one exclusively within the purview of his state UCL [section
16  17200] claim, just the opposite is true. Plaintiff is unquestionably attempting to
17  vindicate rights exclusively established under the [Securities] Exchange Act, and
18  such vindication attempts must be exclusively pursued in federal court.").

19  In *Edward Jones*, the plaintiffs brought class claims against a broker under
20  Section 17200 seeking restitution and disgorgement of fees, alleging that the broker
21  had entered into agreements with mutual funds in which the broker would put the
22  funds on its preferred lists and the funds would pay a fee to the broker.  The broker
23  did not disclose these agreements to the public. Despite a lack of injury to Plaintiffs
24  resulting from the initial purchase of mutual fund shares, the court determined that
25  plaintiffs' Section 17200 claim nonetheless impeded the "federal interest in ... the
26  market for nationally traded securities" and was therefore precluded by SLUSA.
27  *Id*. at 1216 (*quoting Dabit*, 547 U.S. at 78).

28  Similarly, in *Wells Fargo Bank, N.A. v. Superior Court*, 159 Cal. App. 4th

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22049986.1

8

DEFT'S MPA ISO MOT. TO DISMISS
CASE NO. CV10-8627 SVW (FFMX)

381 (Cal. 2008), the California Court of Appeal held that SLUSA precluded claims brought under Section 17200. In *Wells Fargo*, the plaintiff alleged violations of 17200 based on improper actions by a trustee, including "charging unreasonable fees" for specific services, an allegation also made here. *Id.* at 384. The court concluded that the unfair business practices alleged in the case were effectively "deceptive practices" and were therefore within the purview of SLUSA. The Complaint thus satisfies this required element of SLUSA preclusion.

### E. The Complaint Alleges That The Conduct At Issue Was "In Connection With" The Purchase Or Sale Of "Covered Securities"

The transactions alleged in the Complaint clearly involve "covered securities" as the term is defined in SLUSA. The term "covered security" means a security that satisfies the standards for a covered security specified in 15 U.S.C. § 77r(b) – i.e., nationally traded securities or securities issued by registered investment companies – at the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred. 15 U.S.C. § 77p(f)(3). *See also Brody v. Homestore, Inc.*, 240 F. Supp. 2d 1122, 1124 (C.D. Cal. 2003) (quoting 144 Cong. Rec. H 11019-01, H 11020 (1998) ("[t]he premise of this legislation is simple; lawsuits alleging violations that involve securities that are offered nationally belong to Federal court."). This case certainly involves a "covered security" as provided in 15 U.S.C. § 77r(b), because the trades in the brokerage accounts at issue in the Complaint include trades in securities listed on a national exchange, and securities issued by registered investment companies during the relevant time period. *See* Declaration of Karyn DeVinny in Support of Notice of Removal, ¶ 5.[2]

The Complaint also alleges a scheme perpetrated by RBC WM which

---

[2] Even if the brokerage accounts at issue might also have included trades in non-covered securities, the entire claim is nonetheless subject to SLUSA. *See Lasley v. New England Variable Life Ins. Co.*, 126 F. Supp. 2d 1236, 1238-39 (N.D. Cal. 1999) (holding that a claim which involves both covered and non-covered securities is subject to SLUSA).

1  "involved" the purchase or sale of covered securities.  In *Dabit*, the Supreme Court
2  emphasized the broad interpretation of the "in connection with" language regarding
3  the application of SLUSA. *Dabit*, 547 U.S. at 85 ("Under our precedents, it is
4  enough that the fraud alleged 'coincide' with a securities transaction — whether by
5  the plaintiff or by someone else."); *see also In re Edward Jones*, 453 F. Supp. 2d at
6  1216 ("The impact of a scheme `coincides' with the purchase or sale of securities
7  where the essence of that scheme was tied directly to the purchase of securities.").

8       In interpreting the "in connection with" language under SLUSA, federal
9  courts have looked for guidance to case law interpreting Section 10(b) of the
10 Securities Exchange Act of 1934, codified at 15 U.S.C. § 78a, *et seq.*, which
11 contains the same "in connection with" language. *See Falkowski v. Imation Corp.*,
12 309 F.3d 1123, 1129 (9th Cir. 2002). For example, in *SEC v. Zandford*, 535 U.S.
13 813 (2002), the Supreme Court addressed whether a broker's embezzlement of his
14 clients' proceeds from the sales of securities was made "in connection with" a
15 purchase or sale of a security. *Id*. at 815. The Supreme Court concluded that the
16 "in connection with" requirement should be "construed not technically and
17 restrictively, but flexibly to effectuate its remedial purposes." *Id*. at 819 (internal
18 quotes and citations omitted). Finding that the broker's scheme was "in connection
19 with" a purchase or sale of securities, the Supreme Court explained that it was
20 enough that the fraudulent scheme and the securities transactions "coincide." *Id*. at
21 825.

22      Other courts have reached the same conclusion regarding factual allegations
23 analogous to those that Plaintiffs make in the present action. *See Behlen v. Merrill*
24 *Lynch*, 311 F.3d 1087, 1094 (11th Cir. 2002) (holding that a broker's increased fees
25 and commissions to an investor otherwise eligible for lower fees and commissions
26 were made "in connection with" the purchase or sale of securities), *reh'g denied en*
27 *banc*, 58 F. Appx 838 (11th Cir. 2003); *Dudek v. Prudential Sec., Inc.*, 295 F.3d
28 875, 879-80 (8th Cir. 2002) (holding that plaintiffs' excessive fee claims were

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22049986.1         10         DEFT'S MPA ISO MOT. TO DISMISS
                                   CASE NO. CV10-8627 SVW (FFMX)

covered by SLUSA); *Korinsky*, 2002 WL 27775 (denying remand and dismissing state law claims based on theory that broker failed to provide customers with promised objective research and advisory services, instead providing biased research and advice); *McCullagh v. Merrill Lynch & Co.*, No. 01 Civ. 7322, 2002 WL 362774 (S.D.N.Y. Mar. 6, 2002) (same).

Here, the alleged fraudulent scheme does not merely "coincide" with a purchase or sale – it is directly related to each purchase and sale in the accounts at issue. Plaintiffs allege they were coerced by misrepresentation into maintaining brokerage accounts and then overcharged for securities transactions such that Plaintiffs seek to "recover as restitution the commissions/fees paid to [RBC WM] for trades and transactions.…" Compl. ¶ 21(4). Plaintiffs seek as damages brokerage fees and commissions, which are charged only upon the <u>purchase or sale</u> of securities. *See In re Edward Jones*, 453 F. Supp. 2d at 1216 ("Thus the success of Defendants' conduct here necessarily required purchases [or sales]... of securities.") (quotations omitted).

Accordingly, the final required prong of SLUSA preclusion is satisfied.

### F. **The Complaint Should Be Dismissed With Prejudice Because Plaintiffs' Claim Cannot Be Saved Through Amendment**

Plaintiffs cannot save their claims by amending the Complaint to avoid SLUSA and the Court should therefore dismiss the Complaint with prejudice. Courts have refused to accept amendments where plaintiffs merely change the wording or labels of claims when the allegations involve misrepresentations or deceptive conduct that coincides with securities transactions. *Bertram*, 2001 WL 514358, at *5-6 (dismissing California Corporations Code § 25402 claim under SLUSA when claims were related to misstatements or omissions in connection with securities transaction even though a misrepresentation or omission was not an essential element of the statute); *Haney v. Pacific Telesis Group*, No. CV00758AHMMANX, 2000 WL 33400194, at *19-20 (C.D. Cal. Sept. 19. 2000)

(same). Courts have repeatedly rejected attempts by plaintiffs to avoid SLUSA preclusion through pleading amendments and technicalities. *See*, *e.g.*, *Gibson*, 2000 WL 777818, at *3 ("A rule allowing a class action plaintiff to defeat removal by filing an amended complaint that omits a prayer for damages would eviscerate the Uniform Standards Act [SLUSA]."); *Araujo v. John Hancock Life Ins. Co.*, 206 F. Supp. 2d 377, 384-85 (E.D.N.Y. 2002) (dismissing claims of breach of contract, unjust enrichment, and violation of state consumer protection statute under SLUSA: "[r]egardless of how the plaintiff dresses his claims," the allegations sounded in fraud); *Prager v. Knight/Trimark Group, Inc.*, 124 F. Supp. 2d 229, 235 (D.N.J. 2000) (granting motion to dismiss even though plaintiffs had excised all allegations of fraud from amended complaint); *Dudek*, 295 F.3d at 879-80 ("Although plaintiffs deleted the allegations of fraud, misrepresentation and non-disclosure that permeated their New York complaint ... [i]n substance, both complaints allege that defendants misstated or omitted material facts in connection with the purchase and sale of [covered securities].").

Plaintiffs' only option if given leave to amend would be a futile attempt to artfully plead themselves out from under SLUSA. *Anderson*, 521 F.3d at 1288-89 (affirming district court's refusal to grant plaintiffs leave to amend after it dismissed claims under SLUSA due to futility of amendment); *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 442-43 (S.D.N.Y. 2001) (dismissing claims with prejudice and precluding plaintiffs from amending and re-filing their class action complaint following dismissal under SLUSA). Accordingly, the Court should dismiss Plaintiffs' claims; no amendment or other pleading can save their claims.

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

DB2/22049986.1

12

DEFT'S MPA ISO MOT. TO DISMISS
CASE NO. CV10-8627 SVW (FFMX)

**V.     CONCLUSION**

For the foregoing reasons, RBC WM respectfully requests that the Court grant its motion and dismiss the Complaint in its entirety with prejudice.

Dated: December 3, 2010                    MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Steven K. Ganotis*
　　Rebecca D. Eisen
　　Steven K. Ganotis
　　Attorneys for Defendants
　　RBC CAPITAL MARKETS
　　CORPORATION